**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,
v.

DEVIN REED, LARRY BAKER III

    Defendant.
                          /

Case No. 18-20697

Honorable Nancy G. Edmunds

## ORDER CONCERNING RESTITUTION

This criminal proceeding arises out of Defendants' attempted robbery of a Walgreens Pharmacy. Defendants are accused of breaking into a Walgreens Pharmacy and removing two safes containing controlled substances. As Defendants were making their escape with the safes loaded into the back of their pickup truck, they were observed by police officers. Defendants attempted to evade the police, and during the chase, both safes fell out of the truck. According to Defendants, the safes and their contents were ultimately recovered by police.

Each Defendant pleaded guilty pursuant to a Rule 11 plea agreement to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Their plea agreements provide that "The Court shall order restitution to every identifiable victim of defendant's offense. The victims and amount of restitution are to be determined by the Court at the time of sentencing." On July 8, 2019 the Court sentenced Defendant Reed to a term of 60 months in prison and deferred the determination of restitution for 90 days. On July 9, 2019, the Court sentenced Defendant Baker to a term of 72 months in prison and deferred determination of restitution.

1

As the victim in this case, Walgreens submitted a request for restitution in the amount of $110,139.43, which includes: (1) the cost of securing and repairing the building ($8,414.00), (2) the costs of recovering and rekeying the safes ($426.00), (3) the additional payroll costs incurred as a result of the robbery ($800.00), and (4) the cost of the stolen drugs ($100,499.43). Defendants take issue with the fourth figure—the cost of the stolen drugs—and move to reduce the restitution award. Defendants contend the amount of restitution should be adjusted by the value of any stolen property available to be returned to Walgreens. Defendants assert that all the stolen drugs were recovered by police officers and thus potentially available for return to Walgreens.

On October 28, 2019, the Court held a hearing in connection with this matter. At the hearing, the Government presented the testimony of the Walgreens store manager who confirmed the amounts of restitution sought by Walgreens and provided factual support for Walgreens' damages. The manager also testified as to his understanding that under Michigan law Walgreens was not permitted to resell the stolen drugs. On cross examination and in argument to the Court, Defendants suggested that it may be possible for Walgreens to return the stolen drugs to its distributer or to the manufacturer in return for some value through the "reverse distribution market." The witness was not aware of this process and stated that it was Walgreen's practice to destroy all returned drugs. Defendants did not offer any witnesses or evidence of their own in support of their challenge to Walgreen's requested restitution. Instead, Defendants asked the Court to consider in setting restitution the possibility that the drugs could be returned or resold for some value and Walgreens' corresponding alleged failure to mitigate its damages.

Having reviewed the record in this matter, the Court finds no support for Defendants' position under the facts and circumstances presented here. Defendants submit no legal authority supporting the proposition that a robbery victim has an affirmative duty to mitigate its own damages to be entitled to restitution. Moreover, Defendants present no evidence indicating that it is actually possible for Walgreens to mitigate its damages here. While Defendants observe the theoretical possibility that the stolen drugs could be resold through the "reverse distribution market," Defendants provide no evidence demonstrating that the stolen drugs could in fact be resold or returned for value by Walgreens. Defendants also provide no evidence of the amount or value Walgreens could realize by reselling or returning the drugs in the "reverse distribution market." Accordingly, Defendants' request to reduce the amount of the restitution award based on the hypothetical undetermined resale value of the stolen drugs is **DENIED**.

**SO ORDERED.**

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 25, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 25, 2019, by electronic and/or ordinary mail.

S/Lisa Bartlett
Case Manager